1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ALFONSO VELASCO PEREZ,                No.  1:24-cv-00554-KES-SKO (HC)

12                  Petitioner,             **FINDINGS AND RECOMMENDATIONS
                                            TO GRANT RESPONDENT'S MOTION
13          v.                              TO DISMISS PETITION**

14                                          [Doc. 11]

15    BRYAN D. PHILLIPS,
                                            [21-DAY OBJECTION DEADLINE]
16                  Respondent.

17

18          Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for

19    writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On May 6, 2024, Petitioner filed a petition

20    for writ of habeas corpus in this Court. (Doc. 1.) On July 12, 2024, Respondent filed a motion to

21    dismiss the petition pursuant to Younger v. Harris, 401 U.S. 37 (1971). (Doc. 11.) Petitioner did

22    not file an opposition.  Upon review of the pleadings, the Court will recommend that

23    Respondent's motion to dismiss be GRANTED.

                                         **DISCUSSION**
24
      I.    Preliminary Review of Petition
25
            Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
26
      petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not
27
      entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.
28

                                              1

1   The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

2   habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

3   dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.

4   2001).

5   II.      Abstention

6           Petitioner was convicted in the Kern County Superior Court on December 8, 2022, of

7   multiple sex offenses involving a minor. (Doc. 12-1 at 1-5.)  He appealed to the California Court

8   of Appeals.  On January 29, 2024, the appellate court affirmed the judgment. (Doc. 12-2.)

9   Petitioner petitioned for review in the California Supreme Court, and review was denied on April

10  10, 2024. (Doc. 12-3, 12-4.) Petitioner filed the instant petition on May 6, 2024. (Doc. 1.)

11          It is premature for this court to review Petitioner's collateral attack on his conviction

12  because judgment was not final at the time he filed the instant petition. A federal court's

13  jurisdiction to review the merits of a habeas petition commences, in pertinent part, on "the date on

14  which the judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A).

15          Under Younger v. Harris, 401 U.S. 37 (1971), federal courts may not enjoin pending state

16  criminal proceedings except under extraordinary circumstances. Id. at 49, 53. Younger abstention

17  prevents a court from exercising jurisdiction when three criteria are met: 1) there are ongoing

18  state judicial proceedings; 2) an important state interest is involved; and 3) there is an adequate

19  opportunity to raise the federal question at issue in the state proceedings. H.C. ex rel. Gordon v.

20  Koppel, 203 F.3d 610, 613 (9th Cir. 2000).

21          The Younger criteria are satisfied here. First, judgment was not final at the time he filed

22  the instant petition. The California Supreme Court denied review on April 10, 2024, and the time

23  to file a petition for writ of certiorari in the United States Supreme Court did not expire until July

24  9, 2024. Thus, Petitioner filed the instant petition before judgment became final.[1]  It is immaterial

25

26  [1] A state court criminal judgment becomes final when the Supreme Court "affirms a conviction on the
    merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari
    petition expires." Clay v. United States, 537 U.S. 522, 527 (2003); see also Wixom v. Washington, 264
27  F.3d 894, 897 (9th Cir.2001) ("[U]nder [§ 2244(d) ], a judgment becomes 'final' in one of two ways-either
    by the conclusion of direct review by the highest court, including the United States Supreme Court, to
28  review the judgment, or by the expiration of the time to seek such review, again from the highest court

1   that the state proceedings may have concluded while the instant federal petition was pending.

2   Beltran v. State of Cal., 857 F.2d 542, 547-48 (9th Cir. 1988). "The critical question is not

3   whether the state proceedings are still 'ongoing' but whether the state proceedings were under

4   way *before initiation* of the federal proceedings." Wiener v. County of San Diego, 23 F.3d 263,

5   266 (9th Cir. 1994) (emphasis added; internal quotes omitted).  Second, appellate proceedings

6   implicate an important state interest in enforcing criminal laws without federal interference. See

7   Kelly v. Robinson, 479 U.S. 36, 49 (1986) ("[T]he States' interest in administering their criminal

8   justice systems free from federal interference is one of the most powerful of the considerations

9   that should influence a court considering equitable types of relief") (citing Younger, 401 U.S. at

10  44-45). Finally, the California state courts and the United States Supreme Court provide an

11  adequate forum in which Petitioner may pursue his claims. See Pennzoil Co. v. Texaco, Inc., 481

12  U.S. 1, 15 (1987) ("[A] federal court should assume that state procedures will afford an adequate

13  remedy, in the absence of unambiguous authority to the contrary."). Petitioner may seek relief

14  after his conviction becomes final. See, e.g., Fellows v. Matteson, 2020 WL 4805022 (C.D. Cal.

15  May 18, 2020) (prisoner "may seek federal habeas relief after his California state criminal

16  proceedings, including his pending SB 620 motion in the California Court of Appeal, have

17  concluded with a final judgment of conviction."). For these reasons, the Court does not find that

18  extraordinary circumstances warrant intervention and the Court should abstain from interfering

19  with state proceedings.

20                                      **RECOMMENDATION**

21          Based on the foregoing, the Court HEREBY RECOMMENDS that Respondent's motion

22  to dismiss the petition be GRANTED.

23          This Findings and Recommendation is submitted to the United States District Court Judge

24  assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304

25  of the Local Rules of Practice for the United States District Court, Eastern District of California.

26  Within twenty-one (21) days after being served with a copy, the parties may file written

27

28  from which such direct review could be sought."), *cert. denied*, 534 U.S. 1143 (2002).

objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Any reply to objections must be filed within ten (10) court days of the date of filing of objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **August 16, 2024**                              /s/ *Sheila K. Oberto*

                                                 UNITED STATES MAGISTRATE JUDGE