UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO VELASCO PEREZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>BRYAN D. PHILLIPS,<br><br>　　　　Respondent. | No. 1:24-cv-00554-KES-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>Docs. 11, 15 |

Petitioner Alfonso Velasco Perez is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, he asserts that his sentence is grossly disproportionate and violates the Eighth Amendment. Doc. 1 at 4. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 16, 2024, the assigned magistrate judge issued findings and recommendations to grant respondent's motion to dismiss pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Docs. 11, 15. Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. No

1 objections have been filed, and the deadline to do so has expired.

2     In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de
3 novo review of the case.  Having carefully reviewed the file, the Court concludes that the
4 magistrate judge's findings and recommendations are supported by the record and proper
5 analysis.

6     The Court notes that the date on which the magistrate judge issued findings and
7 recommendations and the date of this Order are after the date the petitioner's conviction became
8 final on direct review: July 9, 2024.  Doc. 15 at 2.  Nevertheless, Ninth Circuit precedent is clear
9 that the relevant time for considering whether *Younger* abstention applies is not when the federal
10 court renders its judgment, but when the federal action is commenced.  *Fresh Int'l Corp. v.*
11 *Agricultural Labor Relations Bd.*, 805 F.2d 1353, 1358 (9th Cir. 1986); *Kitchens v. Bowen*, 825
12 F.2d 1337, 1341 (9th Cir. 1987) ("[T]he critical question is not whether the state proceedings are
13 still ongoing, but whether the state proceedings were underway before initiation of the federal
14 proceedings." (quotations omitted)).  If the federal action was commenced while state
15 proceedings on his claim were pending, the federal court must abstain (assuming the four-part test
16 for *Younger* applies, *see Duke v. Gastelo*, 64 F.4th 1088, 1094 (9th Cir. 2023)), regardless of
17 whether the state proceedings concluded by the time the federal court acts.  *Id.*

18     Petitioner filed his federal petition on May 6, 2024, Doc. 1, and he asserts the same claim
19 that he made in his direct appeal to the California court of appeal and the California Supreme
20 Court, *see id.* at 2; *People v. Perez*, F085628, at *5 (Cal. Ct. App. Jan. 29, 2024).  The state
21 proceedings on his claim were still pending, even though the petition was filed after the
22 California Supreme Court denied review, because the ninety-day deadline to appeal that decision
23 to the United States Supreme Court did not pass until July 9, 2024.  *See Clay v. United States*,
24 537 U.S. 522, 527 (2003) (explaining that a state court criminal judgment becomes final when the
25 United States Supreme Court "affirms a conviction on the merits on direct review or denies a
26 petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").
27 Therefore, state proceedings concerning the constitutional claim presented here were not final,
28 and the petition must be dismissed without prejudice pursuant to *Younger*.  *See Beltran v.*

2

*California*, 871 F.2d 777, 782 (9th Cir. 1989).

Having found that petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). If a court denies a habeas petition on the merits, the court may issue a certificate of appealability only "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that the petition should be dismissed debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on August 16, 2024, Doc. 15, are adopted in full;
2. Respondent's motion to dismiss, Doc. 11, is granted;
3. The petition for writ of habeas corpus is dismissed without prejudice;
4. The Clerk of Court is directed to enter judgment and close the case; and
5. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  January 7, 2025

_____
UNITED STATES DISTRICT JUDGE